**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Deshon Garrison,** | **CASE NO. 1:17 CV 1880** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | <u>**Memorandum of Opinion and Order**</u> |
| **Clifford Pinkney, Sheriff,** *et al.***,** | |
| **Defendants.** | |

## INTRODUCTION

*Pro se* Plaintiff Deshon Garrison filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Clifford Pinkney, Cuyahoga County Jail Medical Director Dr. Tallman, and Physician Dr. Gatz. In the Complaint, Plaintiff alleges jail medical staff would not authorize surgery to repair a broken metacarpal bone in his hand, would not prescribe Percocet for pain, and charged him for all medical appointments. He asserts the Defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

## BACKGROUND

Plaintiff states he entered the Cuyahoga County Jail on May 15, 2017 as a parole violator from Pennsylvania and a pretrial detainee from Ohio. He indicates he arrived at the jail

with a fractured metacarpal bone in his left hand. He was taken to Metro Health Medical Center where the fracture was confirmed, and his hand was placed in a splint. Doctors indicated surgery may be necessary in the future and prescribed Percocet for pain. Plaintiff contends that when he returned to the jail, the Defendants refused to schedule him for surgery, stating it was not an emergency, and would not fill the prescription for a narcotic pain reliever, providing him instead with an over-the-counter medication. He alleges that although the medical staff did not comply with the recommendations of the Metro Health Medical Center physicians, he was charged a co-pay for medical appointments in the jail. Plaintiff pled guilty to charges of domestic violence and was sentenced to time served on September 5, 2017.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in

the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Claims for deliberate indifference to serious medical needs arise in the context of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment's protections, however, apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). The Due Process Clause of the Fourteenth Amendment extends those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). Although they are based on violations of the Fourteenth Amendment, the claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for Courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts

which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). This state of mind is shown "where 'the official knows of and disregards'" the substantial risk of serious harm facing the prisoner. *Farmer*, 511 U.S. at 837. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff's claim against the Cuyahoga County Sheriff fails to meet the subjective criteria. He does not allege facts suggesting the Sheriff personally participated in decisions concerning Plaintiff's medical care. Instead, he contends the Sheriff denied his grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Furthermore, Plaintiff's disagreement with the proposed treatment plan and medications provided to him does not equate to deliberate indifference. Plaintiff contends he arrived at the jail with a fractured hand. He does not provide any additional information about

-4-

his injury. He was taken to Metro Health Medical Center where he was treated. His hand was placed into a splint. He was prescribed narcotic pain medication; however, the jail substituted an over-the-counter pain reliever. Plaintiff contends he should have received immediate surgery, but Dr. Gatz and Dr. Tallman disagreed, finding Plaintiff did not require emergency surgery.

The duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. Prisoners are not entitled to unfettered access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-104). A difference of opinion regarding medical treatment generally does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Moreover, where, as here, the Plaintiff has received some medical attention, but disputes the adequacy of that treatment, Courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). The relevant inquiry is whether the treatment Plaintiff was provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). While Plaintiff contends he should have received surgery immediately and should have been provided with the narcotic, he fails to allege sufficient facts to suggest the care he did receive was so grossly inadequate that it went beyond medical malpractice to constitute a constitutional violation.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Court
                                    Chief Judge

Dated: 2/20/18